IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:21-CV-00976-CCE-LPA

| | |
|---|---|
| KENTRELL A. GIBBS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIRACLES IN SIGHT, )<br>)<br>Defendant. )<br>)<br>) | **DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY** |

Pursuant to Rules 30 and 37 of the Federal Rules of Civil Procedure, Defendant Miracles In Sight ("Defendant" or "MIS") hereby moves (1) for the imposition of sanctions against Plaintiff Kentrell A. Gibbs ("Plaintiff" or "Gibbs") due to his failure to obey the Court's Order issued on November 15, 2022, (2) to compel Gibbs to provide additional discovery responses in order to remedy new deficiencies that came to light during his recent deposition; and (3) to require Gibbs to appear for a reconvened deposition, answer MIS's questions and cooperate fully with the deposition process. In support of this Motion, Defendant provides the following grounds and authority, which are described in greater detail in MIS's separately filed memorandum of law.

1. Gibbs, proceeding *pro se*, filed this action against MIS, his former employer, alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964. [Doc. 4]. Specifically, Gibbs alleges that MIS subjected him to discipline and terminated his employment on September 30, 2020, due to his race and gender.

2. Gibbs seeks to recover damages for, among other things, "[b]ack pay, benefits and other monies lost due to missed raises," front pay to his anticipated retirement age of 55, and $750,000.00 in compensatory damages for, among other things, "pain and suffering."[1] [Doc. 4 at p. 12].

3. On July 12, 2022, MIS served upon Plaintiff its first discovery requests, including Defendant's First Set of Interrogatories [Doc. 25-1] and First Requests for Production of Documents [Doc. 25-2]. Plaintiff failed to provide complete or adequate responses.

4. After attempting unsuccessfully to obtain the necessary discovery by conferring with Plaintiff and sending two deficiency letters, Defendant filed on October 18, 2022, a motion to compel Plaintiff to provide complete responses to MIS's discovery requests. [Doc. 25]. Plaintiff submitted no response.

5. On November 15, 2022, the Court conducted a hearing on Defendant's motion to compel. Gibbs was present, participated in the hearing, and notwithstanding his failure to respond to the motion to compel, was permitted to (and did) state his position.

6. At the November 15 hearing, the Court granted Defendant's motion to compel and ordered Gibbs to provide supplemental discovery responses no later than November 30, 2022 (the "Discovery Order"). Specifically, the Court ordered Plaintiff on

---

[1] In his subsequent discovery responses, Gibbs revised that figure to state he is seeking over 2.9 million dollars in compensatory damages for his "ongoing emotional distress and pain and suffering." [Doc. 25-8 at ¶ 4].

the record to fully respond to Interrogatory Nos. 1, 4, 8, 9 and 13 and Request for Production Nos. 2, 4, 5, 8, 12 and 22, and to provide sworn verifications of his original and supplemental interrogatory answers. The Court further stated that Gibbs' supplemental response to Request for Production No. 5 should include pharmaceutical records from Express Scripts, and that his supplemental response to Request for Production No. 22 must include the emails related to Gibbs' post-termination job search. Additionally, the Court assessed against Gibbs the reasonable expenses, including attorneys' fees, incurred by MIS in bringing its motion to compel in the amount of $11,194.80.

7. On November 22, 2022, Gibbs emailed counsel for MIS and asked which discovery requests the Court had included in its Discovery Order. *See* Exhibit A. In a reply email that same day, Defendant's counsel informed Gibbs that they had requested an audio-recording of the hearing and planned to have the recording transcribed once it was available. *Id*. MIS's counsel offered to share with Gibbs the portion of the hearing transcript in which the Court announced its ruling, but further explained that they had not yet received the recording and did not know when the transcript would be ready. *Id*. Defendant's counsel stressed that, given the time constraints affecting Gibbs' obligation to comply with the Discovery Order, he might wish to contact the Court for further guidance. *Id*.

8. As of Monday, November 28, 2022, MIS's counsel had not yet received the audio-recording of the hearing. They sent another email to Gibbs, explaining that the recording was not yet available and providing, in lieu of the transcript, a list of the

3

8751662v1

Case 1:21-cv-00976-CCE-LPA Document 30 Filed 12/14/22 Page 3 of 11

discovery requests referenced in the Discovery Order based on the notes that Defendant's counsel took at the hearing. *See* Exhibit A. This email reminded Gibbs of the November 30 response deadline. *Id.*

9. Gibbs provided no supplemental discovery responses or documents by November 30. Nor did he contact the Court or Defendant to seek additional time.

10. On Friday, December 2, 2022, Defendant's counsel emailed Gibbs to notify him that MIS would file a motion for sanctions due to his failure to comply with the Discovery Order. *See* Exhibit A. This email also informed Gibbs that he remained obligated to appear for his deposition, which was scheduled with his consent and duly noticed for December 6, 2022. *Id.*

11. On Saturday, December 3, 2022, Gibbs sent three successive emails to MIS's attorneys, forwarding "Plaintiff's Response to Defendant Motion to Compel," which contains supplemental responses to Interrogatory Nos. 1, 4, 8, 9 and 13, along with two separate scanned PDFs comprising 61 pages of job search records from Indeed.com. *See* Exhibits B, C and D.

12. Plaintiff's supplemental discovery responses were not only untimely, but also failed to comply with the Discovery Order in numerous respects. Gibbs failed to provide complete witness information in response to Interrogatory No. 1; he failed to provide substantive responses regarding his healthcare treatment in response to Interrogatory Nos. 8 and 9; he failed to provide substantive responses regarding his job

search efforts in response to Interrogatory No. 14; he failed to provide a verification of his original interrogatory answers and, although Defendant's counsel had previously provided him with the necessary language for a proper verification, his supplemental interrogatory answers were not verified under oath; he failed to provide any additional pharmaceutical records in response to Request for Production No. 5, despite the Court's directive that he produce records from Express Scripts; he failed to produce any additional witness statements in response to Request for Production No. 8,[2] and instead maintained in his supplemental response to Interrogatory No. 1 that he is still awaiting a statement from former MIS employee Tameika Spruill ("Spruill"); and failed to supplement his response to Request for Production No. 13 by producing materials received in response to the Freedom of Information Act (FOIA) request that he made to the EEOC or providing a sworn verification stating, as the Court directed, that no such records were available; and he failed to provide complete job search records, including the emails the Court directed him to produce, in response to Request for Production No. 22.

13. MIS proceeded with Gibbs' deposition on Tuesday, December 6, 2022, given the upcoming discovery deadline on January 13, 2023.

14. During his deposition, Gibbs flatly refused to answer certain questions about non-privileged matters, and provided evasive responses to others. He failed, for example, to answer questions about the facts underlying his contention that his supervisor at MIS

---

[2] Gibbs produced Switzer's statement prior to the November 15 motion hearing.

threatened him with his job, as well as various matters reported in his therapist's treatment records related to his perceptions of racial bias by his neighbors and police, his "angst" toward MIS reportedly diminishing once he learned that his former supervisor had been fired, and other life events reportedly causing his emotional distress. *See* Exhibit E at pp. 39-42, 184-89, 191-98, 200, 210-13.

15. Gibbs also engaged in conduct during the deposition that impeded Defendant's ability to conduct a fair and orderly examination. He raised his voice and yelled, used profanity, repeatedly threatened to leave before the deposition was complete, and, at one point, stood up and left the building without providing any explanation or responding to an inquiry about whether he would return.[3] *See* Exhibit E at pp. 173-78, 186.

16. Gibbs' deposition testimony brought to light additional deficiencies in Plaintiff's written discovery responses, beyond those addressed in MIS's previous motion to compel. Specifically, Gibbs has failed to provide complete responses to Request for Production No. 15 or 20. For example:

A. Request for Production No. 15 sought the following materials:

Produce all documents and communications exchanged between you and any current or former employee of Defendant on or after September 30, 2020.

---

[3] Gibbs did return after several minutes, and the deposition resumed. *See* Exhibit E at p. 176.

6

[Doc. 25-2 at p. 10]. Gibbs has produced no documents responsive to this request [Doc. 25-4 at p. 10], even though he testified that he recently engaged in Facebook messenger communications with Spruill. *See* Exhibit E at p. 221.

    B.    In Request for Production No. 20, MIS requested as follows:

> Produce all documents that reflect your receipt of income and benefits for work done or services rendered by you since September 30, 2020.

[Doc. 25-2 at p. 11]. Gibbs initially responded that he "will provide once [i]nfo is obtained." [Doc. 25-4 at p. 11]. In his deposition, Gibbs testified that he has performed various odd jobs and temporary assignments since his termination from MIS. *See* Exhibit E at pp. 215-16. He also testified that he underwent job training in November 2022 to become a delivery driver for Amazon. *Id.* at pp. 223-24. But he had not produced payroll records, check stubs, tax records, bank account statements, deposit slips, or other income or benefits-related documents responsive to Request for Production No. 20.[4]

    17.    After the deposition adjourned, MIS's counsel informed Gibbs that she would contact him about scheduling a phone call to discuss the discovery issues that remained outstanding.

    18.    On Thursday, December 8, 2022, Defendant's counsel emailed a letter to Gibbs describing in detail the remaining discovery deficiencies, including some additional items that had come to light during Plaintiff's deposition. *See* Exhibit F. This letter asked

---

[4] As described below in Paragraph 19, Gibbs later produced a pay stub, presumably for the delivery driver work, for the pay period of November 20-December 3, 2022. *See* Exhibit I.

Gibbs to provide supplemental discovery responses in full compliance with the Discovery Order and the requirements of the Federal Rules of Civil Procedure no later than 12:00 noon on Monday, December 12, 2022. *Id.* In this letter, MIS's counsel also asked Gibbs to indicate when he might be available for a phone call that Thursday or Friday to discuss the discovery issues. *Id.*

19. Gibbs did not directly reply or make himself available for a phone call, but he did provide some additional materials in response to the third deficiency letter. On Friday, December 9, 2022, Gibbs provided by email the sworn verifications of his original and supplemental interrogatory answers. *See* Exhibit G. On Saturday, December 10, 2022, Gibbs forwarded by email two scanned pages comprising a pharmacy report and cover letter from Express Scripts. *See* Exhibit H. On Tuesday, December 13, 2022, Gibbs sent by email a copy of a paycheck from Panther Prime Deliveries LLC, presumably the Amazon delivery driver role referenced in his deposition, for the pay period of November 20-December 3, 2022. *See* Exhibit I.

20. As described herein, and in the separately filed Certificate of Local Rule 37.1 Compliance, MIS has diligently attempted to resolve these discovery disputes prior to filing this Motion. This includes affording Gibbs yet another opportunity to comply with the Discovery Order, as well as attempting to confer with him about the additional discovery deficiencies that came to light due to his deposition testimony.

21. Notwithstanding Defendant's efforts to secure compliance, Gibbs still has not fully complied with the Discovery Order. He has not fully answered Interrogatory Nos.

1 or 13. Nor has he provided complete responses to Request for Production Nos. 8, 12, or 22.

22. Gibbs' repeated and ongoing failure to obey the Discovery Order is wholly unjustified and, moreover, has prevented MIS from obtaining the information and documents needed to defend itself against his claims. Monetary sanctions, although warranted, have proven to be inadequate to deter Gibbs from discovery violations. For these reasons, additional—and more severe—sanctions are appropriate.

WHEREFORE, Defendant respectfully requests that the Court:

A. Impose appropriate sanctions against Gibbs pursuant to Rule 37(b)(2)(A) for his ongoing failure to obey the Discovery Order, including, but not limited to, prohibiting Gibbs from opposing Defendant's defense based on his failure to mitigate damages or from introducing into evidence any testimony or exhibits related to his efforts to obtain alternate employment following his termination from MIS;

B. Renew the Discovery Order issued on November 15, 2022;

C. Compel Gibbs to respond fully to Request for Production Nos. 15 and 20;

D. Require Gibbs to appear for a reconvened deposition, answer the questions asked by MIS's counsel (unless he identifies an applicable exemption to this requirement under Rule 30(c)(2)), and fully cooperate with the deposition process;

E. Provide a clear and explicit warning to Gibbs that his failure to comply with the Court's directives might result in the dismissal of his claims with prejudice; and

9

F.     Require Gibbs to pay the reasonable expenses, including attorneys' fees and court reporter appearance fees, caused by his failure to obey the Discovery Order and otherwise comply with his discovery obligations.

This the 14th day of December, 2022.

                                           **/s/ Jill S. Stricklin**_____
Jill S. Stricklin
NC State Bar No. 20145
Email: jstricklin@constangy.com

**/s/ J. Rodrigo Pocasangre**_____
J. Rodrigo Pocasangre
NC State Bar No. 41530
Email: rpocasangre@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorneys for Defendant Miracles In Sight*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, I electronically filed **DEFENDANT'S MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY** with the Clerk of Court using the CM/ECF system, and that the same was served on the *pro se* Plaintiff by depositing a copy in the United States Mail, postage prepaid, and addressed as follows:

> **Kentrell A. Gibbs**
> **4350 S. Main St.**
> **Winston-Salem, NC 27127**

A courtesy copy was also sent via email to kentrellgibbs@yahoo.com.

> **/s/ J. Rodrigo Pocasangre**
> J. Rodrigo Pocasangre
> NC State Bar No. 41530
> Email: rpocasangre@constangy.com
> CONSTANGY, BROOKS, SMITH &
> PROPHETE, LLP
> 100 North Cherry Street, Suite 300
> Winston-Salem, NC 27101
> Telephone: (336) 721-1001
> Facsimile: (336) 748-9112
>
> *Attorney for Defendant*

11

8751662v1

Case 1:21-cv-00976-CCE-LPA   Document 30   Filed 12/14/22   Page 11 of 11