IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KENTRELL A. GIBBS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )       1:21cv976
                                )
MIRACLES IN SIGHT,              )
                                )
          Defendant.            )
```

**ORDER**

This case comes before the Court on Defendant's Motion for Sanctions and to Compel Discovery (Docket Entry 30) (the "Motion"). (See also Docket Entry 32 (the "Supporting Memorandum").) Plaintiff filed a Response to the Motion (Docket Entry 33) (the "Response"), to which Defendant replied (Docket Entry 34) (the "Reply"). For the reasons that follow, the Court grants in part the Motion.

**I. BACKGROUND**

The Motion comes on the heels of a prior motion to compel that Defendant filed in October of last year. (See Docket Entry 25 ("the prior Motion").) The Court held a hearing on the prior Motion (see Minute Entry dated Nov. 15, 2022), and, at its conclusion, ordered Plaintiff to more fully respond to certain interrogatories and requests for production that Defendant had propounded, setting a deadline of November 30, 2022 (see id.). The Motion contends that Plaintiff (1) neither timely nor fully complied with the Court's Order, (2) answered evasively during and

otherwise impeded his own deposition on December 6, 2022, and (3) also provided some answers during his deposition that indicated other potential deficiencies in his production, beyond those addressed in the prior Motion.  (See generally Docket Entry 30 at 3-9.)

## II. DISCUSSION

A. Noncompliance with the Court's November 15 Order

*Interrogatories 1 and 13*

The Supporting Memorandum contends first that Plaintiff provided incomplete answers to Interrogatories 1 and 13. (See Docket Entry 32 at 10-13.)  Interrogatory 1 seeks information regarding persons with knowledge of Plaintiff's allegations, and Interrogatory 13 seeks information regarding Plaintiff's efforts to secure new employment after his termination from Defendant.  (See generally id.)  For Interrogatory 1, the Supporting Memorandum reports that, although Plaintiff "d[id] provide some additional information [belatedly, on December 3, 2022,] . . . [he] has not summarized what [two potential witnesses] purportedly know about the allegations . . . [and he] provided no contact information for [a third witness], with whom he claims to have communicated about providing a witness statement."  (Id. at 10.)  Plaintiff, in response, argues only that he "answered . . . to the best of his ability and understanding of the question."  (Docket Entry 33 at 4.)  As for Interrogatory 13, the Supporting Memorandum asserts

2

that, although Plaintiff provided a "report" from Indeed (a job search website), he "d[id] not indicate . . . whether [he] has received any offers of employment or describe the related pay, title, hours, and type of duties to be performed in any new employment offered to him . . . [, and he also] fail[ed] to identify any of the individuals with whom [he] communicated about his job applications." (Docket Entry 32 at 12.) After Defendant filed the Motion (and after the deadline set by the Court's November 15 Order), Plaintiff apparently produced, to supplement the Indeed "report," approximately 30 emails related to 17 job applications. (See Docket Entry 34 at 3.) In response, Plaintiff argues again that he "produced . . . complete job search history that could be obtained through his means." (Docket Entry 33 at 5.)

*Requests for Production 8, 12, and 22*

The Supporting Memorandum further contends that, despite the Court's November 15 Order, Plaintiff failed to comply with several Requests for Production. (See Docket Entry 32 at 13-16.) Request for Production 8 requires production of any "written statement[] . . . that . . . relate[s] to . . . any allegation" in the Complaint, but Plaintiff has allegedly responded only that "he [is] still awaiting a statement from [a certain witness]." (Id. at 13.) Plaintiff did not dispute this characterization, noting that the potential witness "is hesitant to produce" a statement due to "fears" of "retaliation." (Docket Entry 33 at 4.) For Request for

3

Production 12, which asks for "all documents comprising or relating to any charges [Plaintiff] filed with the EEOC" (Docket Entry 32 at 14), Plaintiff apparently complied with this request on December 19, 2022 (see Docket Entry 34 at 3 (acknowledging that "the EEOC records produced by [Plaintiff] appear to be complete")), subsequent to the filing of the Motion and the deadline set by the Court's November 15 Order.  Finally, Request for Production 22 asks for "all documents related to [Plaintiff's] efforts to obtain alternate employment" after his termination from Defendant. (Docket Entry 32 at 14.)  The Supporting Memorandum and Reply assert that Plaintiff produced only the Indeed "report" and approximately 30 emails related to 17 job applications (see Docket Entry 32 at 15; Docket Entry 34 at 3), notwithstanding his claim that he has applied to over 300 positions (see Docket Entry 34 at 3).

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A).  Such a further order may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).  The Court, per the undersigned, ordered Plaintiff to fully respond to Interrogatories 1 and 13, and Requests for Production 8, 12, and 22 by November 30, 2022.  Plaintiff did not

4

fully respond to Interrogatories 1 and 13, for the reasons identified above.  For Request for Production 8, assuming as Plaintiff contends that "he [is] still awaiting a statement from [a certain witness]" (Docket Entry 33 at 13) (potentially placing such statement beyond his "possession, custody, or control," Fed. R. Civ. P. 34(a)(1)), Plaintiff still failed to provide a sworn verification that he had no documents responsive to the Request. Plaintiff's response to Request for Production 12 "appear[s] to be complete" (Docket Entry 34 at 3), but arrived 19 days after the deadline set by the Court, and Plaintiff's response to Request for Production 22 appears significantly incomplete.  Plaintiff thus "fail[ed] to obey [this Court's] order to provide . . . discovery," Fed. R. Civ. P. 37(b)(2)(A), with regard to all five of the foregoing discovery requests.

Accordingly, to remedy Plaintiff's deficiencies with regard to Interrogatory 13 and Request for Production 22 (i.e., job-related discovery), the Court will prohibit Plaintiff from introducing any evidence related to his efforts to obtain alternate employment beyond those approximately 30 emails he produced to Defendant in discovery (see Docket Entry 34-2).  With regard to Interrogatory 1 and Request for Production 8, Plaintiff shall fully respond by the close of discovery, and any further failure to respond may result in greater sanctions, including dismissal with prejudice of Plaintiff's claim.

5

## B. Deposition Misconduct

The Supporting Memorandum next asserts that Plaintiff "flatly refused to answer questions about non-privileged matters and provided evasive responses to others." (Docket Entry 32 at 6.)[1] For example, when counsel for Defendant asked Plaintiff about his removal "from a pain management clinic because a urine test came back with cocaine" (Docket Entry 30-5 at 7), Plaintiff's responses included, "[a]re you trying to insult me?" (id.), "[d]on't even put that associated with my name" (id. at 8; see also id. ("I'm for real.")), and "[b]ro, I'm sitting here highly offended" (id. at 9). This line of questioning resulted in Plaintiff leaving the deposition for six minutes, before returning. (See Docket Entry 30-5 at 10 (reflecting six-minute recess during line of questioning); Docket Entry 33 at 5 (Plaintiff's Response noting that he "removed himself from the office where the deposition was being held").)

---

1 Upon review of included excerpts of Plaintiff's deposition transcript, the Court concludes that Plaintiff adequately, if not perfectly, answered questioning regarding a purported "threat" to his job that resulted in his signing a disciplinary form noting that Plaintiff supposedly slept while on the job. (See Docket Entry 30-5 at 3-4 (Plaintiff responding "No. No." to question of whether threat was "if you don't sign this, I'll fire you"), 4 (Plaintiff stating that he "was threatened [to be fired] about sleeping"), 5 (Plaintiff reiterating: "[I]t wasn't a threat about me signing [the disciplinary form]. I said it was about me sleeping."), 6 (Plaintiff stating he "signed [the disciplinary form] because . . . [he] was threatened about [him] sleeping").)

6

Plaintiff also allegedly failed to answer various questions regarding his conversations with his therapist. (See Docket Entry 30-5 at 14-15 (Plaintiff, in response to questioning about shooting he discussed with his therapist, stating that "I don't even see the relevance of what you're doing or what you're trying to get at," and, "[a]fter a while, I'm just going to leave"), 20-23 (Plaintiff, in response to questioning about racially charged incident with neighbor he discussed with his therapist, stating that "I don't want to keep having to relive this stuff," and "I'm not going to give you their name because there's no relevance"), 37-40 (Plaintiff, in response to questioning about traffic stop he discussed with his therapist, stating that "this has nothing to do with what's going on . . . and I'm not going there," and "I'm not answering that question").) Plaintiff's repeated refusal to answer certain questions appears grounded in his perception that the questions would yield irrelevant answers. (See generally id.) At no point did Plaintiff object to a question or refuse to answer on grounds of privilege.[2]

"The [C]ourt may impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 32(d)(2). Additionally, a deponent

---

2 Nor would any such objection appear viable, given that Plaintiff placed his mental health at issue in this lawsuit and has already affirmatively disclosed information regarding his mental health treatment, both in documentary and testimonial form.

7

may not refuse to answer a question unless "the answer is protected by a privilege or a limitation on evidence directed by the Court." M.D.N.C. LR 30.1(1). Plaintiff "impede[d]" the deposition by walking out in response to questioning that agitated him, and "frustrate[d his] fair examination" by refusing to answer multiple questions due to supposed irrelevance, inappropriate grounds on which to refuse to answer. Accordingly, reopening Plaintiff's deposition for an additional three hours, limited to those topics identified herein for which Plaintiff did not adequately provide answers,[3] represents an appropriate sanction. See Fed. R. Civ. P. 32(d)(2). Plaintiff shall appear for the reconvened deposition and shall not refuse to answer any questions unless he asserts a good-faith privilege or a limitation on evidence directed by the Court.

### C. Previously Unidentified Production Deficiencies

The Supporting Memorandum concludes by contending that Plaintiff's "deposition testimony brought to light additional deficiencies in his previous written discovery responses, beyond those addressed in [the prior Motion]." (Docket Entry 32 at 7.) Specifically, Plaintiff stated at his deposition that he recently communicated with an employee of Defendant and potential witness via Facebook Messenger (Docket Entry 30-5 at 45), but did not, as Request for Production 15 asks, "[p]roduce all . . . communications

---

3 The topics shall not include the purported threat to Plaintiff's job over allegations he slept while working.

8

exchanged between [Plaintiff] and any current or former employee of Defendant" (Docket Entry 32 at 7). Counsel for Defendant sent Plaintiff a letter on December 8, 2022, requesting these communications, to which Plaintiff did not reply. (Id. at 9.) Plaintiff, in response, asserts that his communications with this employee of Defendant took place on the "Video Chat or Phone Call" functions of Facebook Messenger. (Docket Entry 33 at 6.)

In addition, Plaintiff at his deposition stated "that he has performed various odd jobs and temporary assignments since his termination from [Defendant and] underwent job training in November 2022 to become a delivery driver for Amazon." (Docket Entry 32 at 8; see also Docket Entry 30-5 at 42-43.) But Plaintiff allegedly did not, as Request for Production 20 asks, "[p]roduce all documents that reflect [his] receipt of income and benefits for work done or services rendered by [him]." (Docket Entry 32 at 8.) Counsel for Defendant sent Plaintiff a letter on December 8, 2022, requesting this information and, on December 13, 2022, Plaintiff sent one "paycheck received from Panther Prime Deliveries LLC, presumably the Amazon delivery driver role referenced in his deposition, for the pay period of November 20-December 3, 2022." (Id. at 9.) In response, Plaintiff contends that the check he provided constitutes "his first and only check from Panther Prime" (Docket Entry 33 at 6), and that he "has also presented to [D]efendant [t]ax records from multiple years, and other

9

information regarding employment since being terminated from [Defendant]" (id.).

"A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff here either has failed to respond fully to Requests for Production 15 and 20 or (at a minimum) has failed to provide sworn verifications that he lacked possession, custody, or control of any documents responsive to the Requests.[4] Accordingly, Plaintiff shall fully respond to these Requests by the close of discovery.

### III. Conclusion

Plaintiff failed to comply with the Court's November 15 Order, impeded his December 6 deposition, and has not fully produced documents as requested under Rule 34.

**IT IS THEREFORE ORDERED** that the Motion (Docket Entry 30) is **GRANTED IN PART**, in that:

    1) Plaintiff shall not introduce any evidence at trial related to his efforts to obtain alternate employment beyond those

---

[4] If Plaintiff's communications with Defendant's employee took place via video or phone call, he presumably would have no documents reflecting those communications in his "possession, custody, or control," see Fed. R. Civ. P. 34(a)(1), and likewise, he may lack records reflecting "odd jobs" for which payment, as he stated during his deposition, "was . . . under the table" (Docket Entry 30-5 at 43). But, the potential absence of records does not relieve Plaintiff of his obligation to respond entirely; he must provide a sworn verification to that effect.

10

approximately 30 emails he produced to Defendant in discovery (see Docket Entry 34-2);

2) Plaintiff shall, by January 13, 2023, fully comply with the Court's November 15 Order, specifically by responding to Interrogatory 1 and Request for Production 8, and any failure to do so may result in dismissal with prejudice of Plaintiff's claim;

3) Plaintiff (i) shall appear for a reconvened deposition, at a time and place properly noticed by Defendant to occur on or before January 27, 2023, limited to three (3) hours and the topics about which Plaintiff previously provided insufficient answers (as identified herein), and (ii) shall not refuse to answer any questions unless he asserts a good-faith privilege or a limitation on evidence directed by the Court;

4) Plaintiff shall, by January 13, 2023, fully respond to Requests for Production 15 and 20;

5) Defendant shall file an accounting of reasonable expenses incurred in making the Motion, including attorney's fees, by January 13, 2023;

6) Plaintiff shall file any objections to the shifting of those fees (including as to their reasonableness) by January 20, 2023; and

7) Defendant shall file any response to any such objections (not to exceed five pages excluding any attachments) by January 27, 2023.

This 6th day of January, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**