IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:21-cv-00976-CCE-LPA

| | |
|---|---|
| KENTRELL A. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **DEFENDANT'S MOTION FOR** |
| | ) **SANCTIONS, INCLUDING** |
| MIRACLES IN SIGHT | ) **DISMISSAL** |
| | ) |
| Defendant. | ) |
| _____ | ) |

Pursuant to Rules 37(b)(2), 37(d) and 41(b) of the Federal Rules of Civil Procedure, Defendant Miracles In Sight ("Defendant" or "MIS") hereby moves for sanctions, including dismissal with prejudice, based upon the failure of Plaintiff Kentrell A. Gibbs ("Plaintiff" or "Gibbs") to obey the Court's most recent discovery-related Order [Doc. 35], as well as his demonstrably false statements, under penalty of perjury, to MIS and the Court. In support of this Motion, Defendant shows as follows:

1. On December 27, 2021, Gibbs, proceeding pro se, initiated this action against MIS, his former employer, by filing a civil complaint [Doc. 2] alleging unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On January 25, 2022, he filed an amended complaint elaborating on these claims. [Doc. 4]. The Court has granted Gibbs leave to proceed in forma pauperis. [Doc. 5].

2. The relief requested by Gibbs includes damages for "[b]ack pay, benefits and other monies lost due to missed raises," front pay to his anticipated retirement age of 55,

and $750,000.00 in compensatory damages for, among other things, "pain and suffering." [Doc. 4 at p. 12]. In later discovery responses, Gibbs revised that figure to state he is seeking over 2.9 million dollars in compensatory damages for his "ongoing emotional distress and pain and suffering." [Doc. 25-8 at ¶ 4].

3. On June 30, 2022, the Court entered a scheduling order setting the discovery deadline as January 13, 2023, and the dispositive motion deadline as February 13, 2023. This matter has been placed on the Master Trial Calendar for July 10, 2023. [Doc. 22].

4. From the outset of this matter, Plaintiff has failed to comply—or, at best, complied haphazardly—with his discovery obligations. As described in the accompanying brief, Defendant has been forced to file two motions to compel [Docs. 25 and 30], which the Court largely granted in MIS's favor. The Court twice assessed monetary sanctions against Gibbs; first, for his failure to properly respond to MIS's discovery requests, and more recently, for his failure to obey the Court's initial discovery-related Order and his conduct impeding his own deposition. [Doc. 35]/ The Court ordered Gibbs to appear for a reconvened deposition on the questions he initially refused to answer. *Id*. The Court also imposed limitations on the evidence Gibbs may introduce at trial regarding his efforts to obtain alternate employment, as an additional sanction for Gibbs' refusal to produce the "hundreds" of emails he claims to possess regarding his job search efforts. *Id*.

5. This matter comes before the Court on yet another motion related to Gibbs' failure to comply with discovery obligations. As described below, Plaintiff failed to obey

the Court's second discovery-related Order [Doc. 35], and made false statements, under penalty of perjury, regarding the existence of responsive materials and information he was required to produce and other matters material to his claims and MIS's defenses.

**<u>Plaintiff's Noncompliance and False Statements</u>**

6. On January 6, 2023, the Court issued its second discovery Order [Doc. 35] granting, in part, Defendant's Motion for Sanctions and to Compel Discovery (the "Second Discovery Order"). The Court concluded, "Plaintiff failed to comply with the Court's November 15 Order, impeded his December 6 deposition, and has not fully produced documents as requested under Rule 34." [Doc. 35 at p. 10].

7. In the Second Discovery Order [Doc. 35], the Court ruled, among other things, that:

    A. Plaintiff shall, by January 13, 2023, fully comply with the Court's first discovery Order issued on November 15, 2022, specifically by responding to Interrogatory No. 1 and Request for Production No. 8, and "any failure to do so may result in dismissal with prejudice of Plaintiff's claim"; and

    B. Plaintiff shall, by January 13, 2023, fully respond to Request for Production Nos. 15 and 20. As to Request for Production No. 20, the Court specified that the potential absence of responsive documents "does not relieve Plaintiff of his obligation to respond entirely; he must provide a sworn verification to that effect." [Doc. 35 at n. 4].

8. On January 13, 2023, Gibbs produced to MIS "Plaintiff's Response to Defendants Second Motion to Compel [sic]," supplementing his previous discovery responses as directed by the Court in the Second Discovery Order. *See* Exhibit 1, "Plaintiff's Response to Defendants Second Motion to Compel [sic]." Gibbs attested to the veracity of these supplemental discovery responses as follows: "I, Kentrell Gibbs certify under penalty of perjury that the foregoing responses to Defendant's supplemental discovery request are true and correct." *Id*. at p. 3.

9. Gibbs stated, in his supplemental response to Interrogatory No. 1, "Monique Switzer was an employee with Defendant during Plaintiff's employment with Defendant, she has provided her statement regarding her experience with Defendant, contact info unknown." *Id*. at p. 1. Additionally, in response to Request for Production No. 15, which required Gibbs to produce "all documents and communications exchanged between you and any current or former employee of Defendant on or after September 30, 2020, he stated, "Plaintiff has no documentation or contact info for … Monique Switzer, all communication has taken place via Facebook Messenger using the call or video options." *Id*. at p. 2.

10. In his deposition on December 6, however, Gibbs testified that Switzer had sent him an email forwarding her typewritten statement. *See* Exhibit 2, Deposition of Kentrell Gibbs (Excerpts), at pp. 217-20, Depo. Ex. W; *see also id*. at pp. 6, 8 (affirming Gibbs' understanding that his deposition testimony was provided under oath and he was required to answer truthfully). Any such email presumably was received between

4

9032937.1

Case 1:21-cv-00976-CCE-LPA   Document 41   Filed 02/06/23   Page 4 of 12

November 3, 2022, the date appearing on the face of the typewritten statement, and November 15, 2022, when Gibbs produced the statement to MIS.

11. Gibbs' testimony about Switzer's email was unequivocal:

```
21      Q.   Did she email you this document?
22      A.   Yes, she did.
23      Q.   Do you have other emails with Ms. Switzer
24   related to your employment with Miracles In Sight?
25      A.   No.
```

*See* Exhibit 2 at p. 219.

12. This stands to reason—if Gibbs truly possessed no contact information for Switzer, and if his only communications with her in fact took place through Facebook Messenger's call or video functions, it remains unclear how he obtained the typewritten statement from her (or, for that matter, whether Switzer actually prepared the unsigned statement).

13. Gibbs failed to produce Switzer's email in response to Request for Production No. 15, in contravention of the Court's Second Discovery Order. Moreover, he falsely stated, under penalty of perjury, that he has no contact information for Switzer and he only communicated with her via Facebook Messenger's call or video features. *See* Exhibit 1 at pp. 1-2. At the very least, Gibbs failed to undertake even the most rudimentary email search to ensure that he fully complied with the Court's Second Discovery Order.

This would demonstrate an extreme lack of diligence, particularly since Gibbs recalled, as recently as December 6, receiving the email from Switzer. At worst, he deliberately lied, under penalty of perjury, to avoid providing witness contact information and producing this (and perhaps other) relevant communications.

14. Gibbs stated, in his supplemental response to Request for Production No. 20, "Plaintiff has no documentation to show that his employment with Panther Prime was rescinded, it was a verbal conversation with Panther Prime management." *See* Exhibit 1 at p. 2. This statement, made under penalty of perjury, turned out to be demonstrably untrue.

15. On January 17, 2023, Panther Prime produced, in response to a previously issued subpoena, several emails with Gibbs about his employment with the Amazon subcontractor, including an exchange on December 1, 2022, dealing directly with the "rescission" of Gibbs' employment. *See* Exhibit 3, Declaration of Mason S. McDowell, Ex. B; *see also* Exhibit 4, Email Correspondence Produced by Panther Prime.

16. In his email to Gibbs on December 1, 2022, entitled "Voluntary Resignation—Kentrell Gibbs," Panther Prime's General Manager Mason S. McDowell stated, "We accept your resignation effective December 1, 2022," and provided instructions for Gibbs to pick up his final paycheck. *See* Exhibit 3, Decl. Ex. B. Gibbs replied to McDowell's email as follows:

6

9032937.1

Case 1:21-cv-00976-CCE-LPA   Document 41   Filed 02/06/23   Page 6 of 12

> Ken Gibbs <kgibbs22479@gmail.com>  Thu, Dec 1, 2022 at 6:37 PM
> To: Mason McDowell <mason@pantherprimedeliveries.com>
>
> Hey Mason I just wanted to know the purpose of this email, I didn't resign the offer of employment was rescinded, because of my personal issues and that you had to run a business according to you. All you were worried about was me being hired for peak season. So please don't make it seem like I just quit or something. I came to you because the training stated not to operate a vehicle with distraction
> [Quoted text hidden]

*See* Exhibit 3, Decl. Ex. B.

17. Panther Prime's subpoena response not only exposed Gibbs' noncompliance with the Court's Second Discovery Order, but also demonstrated the falsity of his sworn statement about the availability of documentation concerning the rescission of his employment offer.

18. Gibbs' December 1, 2022 email to Panther Prime further indicate that he lied under oath in his deposition and in a sworn submission to the Court about the reason his employment with the Amazon subcontractor ended.

19. In his deposition on December 6, 2022, Gibbs volunteered, while under oath, that he lost his job at Panther Prime just five days previously "because of this deposition." *See* Exhibit 2 at pp. 208-09; *see also id*. at p. 222. According to Gibbs, he was scheduled to work his first day "on the road" on December 1, 2022, after having completed his training as a delivery driver. *Id*. at 222-24. Gibbs testified that when he informed Panther Prime on December 1 that he must attend the deposition on December 6, they "just let [him] go" (or "rescinded [his] employment") because he did not have any accrued paid time off ("PTO") that would enable him to attend the deposition. *Id*. at pp. 223.

9032937.1

20. In his "Objection to the Shifting of Fees" filed on January 23, 2023, Gibbs doubled down on this false narrative by stating "… Plaintiff lost his job at Panther Prime due to the Defendants [sic] deposition date." [Doc. 39]. Notably, Gibbs prefaced this statement by affirming, "I, Kentrell A. Gibbs, pro se litigator, under penalty of perjury declare that the following is true and correct based on my own knowledge." *Id.*

21. In his own email to McDowell on December 1, 2022, reproduced above, Gibbs stated that Panther Prime rescinded his offer of employment that day because of his "personal issues," which caused him to be too distracted to begin driving a route that day. *See* Exhibit 3, Decl. Ex. B ("I didn't resign the offer of employment was rescinded, <u>because of my personal issues</u> and that you had to run a business according to you. All you were worried about was me being hired for peak season. So please don't make it seem like I just quit or something. <u>I came to you because the training stated not to operate a vehicle with distraction</u>.") (emphasis added). This email made no reference to Gibbs' scheduled deposition, his availability to work on December 6, or the availability of PTO. *Id.*

22. Other materials contained in Panther Prime's subpoena response provide additional context for the termination of Gibbs' brief employment. As shown by McDowell's Declaration and documented in a series of emails to Gibbs, Panther Prime postponed Gibbs' three-day Amazon driver training from November 17-19 to November 27-29, after an initial "no call, no show" by Gibbs on November 17, and then rescheduled Gibbs' first route day, at his request, from November 30, the date of his granddaughter's

8

9032937.1

funeral, to December 1. *See* Exhibit 3, Decl. Ex. A; Exhibit 4 at pp. 1-10. It was in this context that Gibbs, as shown by his own email, requested on December 1 a different start date because his personal issues purportedly caused him to be too distracted to drive that day. *See* Exhibit 3, Decl. Exs. A and B.

23. Gibbs' misrepresentations regarding the end of his employment with Panther Prime are material to his claims and MIS's defenses. They relate directly to his efforts to mitigate damages, as well as his claimed compensatory damages for "ongoing emotional distress and pain and suffering." [Doc. 25-8 at ¶ 4].

24. Overall, Plaintiff's conduct demonstrates an ongoing pattern of indifference and disregard for the Court's deadlines and orders. Gibbs' noncompliance—or, at best, haphazard compliance—with the Court's Orders and other discovery obligations establishes bad faith on his part, as does his apparent untruthfulness in sworn discovery responses and filings with the Court.

25. Gibbs' conduct, compounded by his apparent dishonesty, has resulted in substantial prejudice to Defendant. His repeated delays, impediments, and failure to provide complete and accurate responses have substantially increased MIS's costs and thwarted its ability to conduct discovery. Given Gibbs' recently discovered misrepresentations, considerable uncertainty remains about the veracity of the responses provided to date and what additional responsive material and information remains undisclosed.

9

9032937.1

Case 1:21-cv-00976-CCE-LPA   Document 41   Filed 02/06/23   Page 9 of 12

26. The callous disregard for the Court's authority—and for the truth—demonstrated by Gibbs is precisely the sort of behavior that must be deterred. Lesser sanctions, including monetary sanctions and limitations on Gibbs' ability to introduce evidence substantiating his efforts to mitigate damages, have proven to be ineffective. Moreover, Gibbs is proceeding in forma pauperis, rendering the threat of additional monetary sanctions of little deterrent value.

27. The discovery period has now ended. MIS should not be required to incur the costs and delay associated with the additional discovery and investigative measures needed to fully unravel Gibbs' deceptions and obtain the information and documents that he should have already provided. Even if the discovery deadline were extended to allow MIS a fair opportunity to complete its discovery, Gibbs has provided no indication he would be any more forthcoming than he has been in the past.

For these reasons, which are described more fully in Defendant's separately filed brief, MIS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, with billable costs to be born solely by Plaintiff, and enter a judgment assessing against Plaintiff the amount of the monetary sanctions previously issued by the Court.

10

9032937.1

Case 1:21-cv-00976-CCE-LPA   Document 41   Filed 02/06/23   Page 10 of 12

This the 6th day of February, 2023.

**/s/ Jill S. Stricklin**
Jill S. Stricklin
NC State Bar No. 20145
Email: jstricklin@constangy.com

**/s/ J. Rodrigo Pocasangre**
J. Rodrigo Pocasangre
NC State Bar No. 41530
Email: rpocasangre@constangy.com
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-6860
Facsimile: (336) 748-9112

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I electronically filed this **DEFENDANT'S MOTION FOR SANCTIONS, INCLUDING DISMISSAL** with the clerk of Court using the CM/ECF system and that the same was served on the *pro se* Plaintiff by depositing a copy in the United States Mail, postage prepaid, and addressed as follows:

Kentrell A. Gibbs
4350 S. Main Street
Winston-Salem, NC 27127

A courtesy copy was also sent via email to kentrellgibbs@yahoo.com.

**s/Jill S. Stricklin**
Jill S. Stricklin
NC State Bar No. 20145
Email: jstricklin@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

*Attorney for Defendant*