IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENTRELL A. GIBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21-CV-976 |
| ) | |
| MIRACLES IN SIGHT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The plaintiff Kentrell Gibbs has repeatedly failed to respond to appropriate discovery, despite court orders. Even after the second order compelling his compliance, he failed to produce responsive discovery, and the record shows that his sworn verifications contained false statements. The defendant's motion to dismiss as a sanction will be granted. In the alternative, summary judgment for the defendant is also appropriate because Mr. Gibbs has failed to rebut the defendant-employer's uncontradicted evidence that his employment was terminated because of ongoing poor performance.

## I. The Motion for Sanctions

The Court has had to deal with Mr. Gibbs' failure to respond to discovery and court orders before. *See* Text Order 11/15/2022 (granting motion to compel); Doc. 35 (granting in part motion for sanctions and to compel). In the second Order compelling discovery and imposing some sanctions, the Court specifically warned Mr. Gibbs that

"failure to respond may result in greater sanctions, including dismissal with prejudice of Plaintiff's claim." Doc. 35 at 5.

Despite this, Mr. Gibbs failed to fully answer the required interrogatory and failed to produce responsive documents. Moreover, his verified responses to this discovery contain false statements. Specifically:

1. He did not provide contact information for a former co-worker, Ms. Switzer, saying that all of his communication with her took place via Facebook Messenger. Doc. 41-1 at 2. But at his deposition, he testified under oath that he received a written statement from Ms. Switzer via email. Doc. 41-2 at 8.

2. He did not provide documentation about the ending of his employment with Panther Prime, saying it happened in a verbal conversation. Doc. 41-1 at 2. But as a result of subpoenas to Panther Prime, Miracles has received copies of emails to and from Mr. Gibbs directly addressing the ending of his employment. *See* Doc. 41-3 at 4.

Mr. Gibbs says that he should not have to produce Ms. Switzer's email address because she sent the email from a work email address with a confidentiality notice. Doc. 48 at 1. This excuse is not a rational justification for failing to comply with a court order and it does not explain Mr. Gibbs' own false statement that all communications with Ms. Switzer were by Facebook messenger. He made a false statement under oath when he said that all communications were made by Facebook Messenger, and he admits as much.

Mr. Gibbs also admits he received the emails from Panther Prime but says he could not provide copies because he did not have access to Gmail after December 2022.

2

Doc. 48 at 3. He provides no corroboration for this unsworn assertion, nor does he explain why he could not access his own Gmail account. Even if it is true, it does not explain his false statement under oath that all communications about the ending of his employment were verbal.

Rule 41(b) provides that if a plaintiff fails to "comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss an action under Rule 41(b), courts evaluate "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Additionally, Rule 37 permits the Court, in its discretion, to dismiss the action as a sanction for a plaintiff's failure to obey a discovery order or to respond to interrogatories and requests for production. Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(1)(A)(ii), 37(d)(3); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (Rule 37 "gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders."). In assessing whether to dismiss under Rule 37, courts evaluate similar factors as those considered under Rule 41(b): "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Richard & Assocs.*,

3

872 F.2d at 92; *see also Carter v. Univ. of W. Va. Sys., Bd. of Trs.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. May 16, 1994) (per curiam) (unpublished table decision) ("The legal standard for dismissals under Rule 37 is virtually the same as that for dismissals . . . under Rule 41.").

Here, the Court has already entered two discovery orders compelling discovery from Mr. Gibbs, Text Order 11/15/2022, Doc. 35, and has already sanctioned Mr. Gibbs with exclusion of evidence, Doc. 35 at 5, and an award of attorneys' fees. Text Order 01/30/2023. Despite this, Mr. Gibbs failed and refused to provide the information—Ms. Switzer's email—and documents—emails from Panther Prime—that he was ordered to provide. While he eventually provided some emails from Panther Prime and the email from Ms. Switzer with his response to the motion for sanctions, Doc 48 at 7-20, he still blocked out the full email address for Ms. Switzer. *Id.* at 20. He made false statements in his verifications of his discovery responses, saying he did not have Ms. Switzer's email and that all communications with Panther Prime were verbal. This pattern of misconduct in the face of previous sanctions shows bad faith, for which Mr. Gibbs, who is representing himself, is fully responsible. Lesser sanctions have not forced his compliance. There is a need to deter this particular kind of noncompliance, which shows a disregard for and abuse of the legal process. All the factors support dismissal as a sanction.

## II. The Motion for Summary Judgment

The record connected with the defendant's motion for summary judgment further supports dismissal. The only claim remaining is Mr. Gibbs' title VII race discrimination

4

claim based on the termination of his employment with Miracles in Sight. Doc. 19 at 7–8. "A [Title VII] plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005). If there is insufficient direct or circumstantial evidence of discrimination, the plaintiff may attempt to prove her claim by using the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). Here, Mr. Gibbs has done neither.

First, he has not provided any direct evidence that his termination was motivated by race. As the defendant acknowledges, Mr. Gibbs has testified in his deposition to some statements about race. *See* Doc. 46 at 14–15. But this evidence is not linked in time to the decision to terminate his employment. Even assuming that Mr. Gibbs is a credible witness and that these statements were made, this evidence establishes nothing more than the occasional isolated remark over an extended period of employment. *See Barreto v. SGT, Inc.*, 826 F. App'x 267, 271 (4th Cir. 2020) (per curiam) (unpublished); *Rayyan v. Va. Dep't of Transp.*, 719 F. App'x 198, 202 (4th Cir. 2018) (per curiam) (unpublished).

Nor has he met the *McDonnell Douglas* standard. Miracles has produced uncontroverted evidence that Mr. Gibbs was not meeting the legitimate expectations of his employer. He received a number of warnings over the first few years of his employment with Miracles, he committed several serious violations of Miracles' standard

5

operating procedures in 2020, and he responded in an inappropriate way to his supervisors when they attempted to address these deficiencies with him. *See* Docs. 45-5, 45-1, 45-2.

In response to the summary judgment motion, Mr. Gibbs provides no evidence to show he was meeting the legitimate expectations of his employer. *See* Doc. 48. He has admitted he did not follow the appropriate procedures in the last incident that led to his termination. Doc 45-4 at 14–15 (admitting he completed the wrong form); *id.* at 20–21 (same). He has pointed to no evidence that he was not insubordinate.

When a plaintiff does not rebut his employer's evidence of unmet expectations, no inference of discrimination arises. *See Sadeghi v. Inova Health Sys.*, 251 F. Supp. 3d 978, 993 (E.D. Va. 2017) (where "[t]he record facts conclusively show that plaintiff's supervisors perceived him as insubordinate and disruptive, . . . plaintiff cannot establish that he was satisfying defendant's legitimate expectations at the time of his discharge."); *Spease v. Pub. Works Comm'n of Fayetteville*, 369 F. App'x 455, 456 (4th Cir. 2010) (per curiam) (unpublished) (concluding that plaintiff failed to satisfy the third prong of the *McDonnell Douglas* framework because he was insubordinate). Even taken in the light most favorable to Mr. Gibbs, the repeated admonitions and his admitted failure to follow standard procedures about an organ donation establish that his performance was not satisfactory. *See Rayyan*, 719 F. App'x at 204.

Nor has Mr. Gibbs pointed to any evidence that similarly situated employees received more favorable treatment or that his termination was based on race. His brief does not point to or attach any evidence related to either point. He attempts to rebut some

6

of his employer's evidence, but those factual assertions are in a brief, not under oath, and unsupported by citation to evidence of record. Doc. 48 at 3–5. It is not the Court's job to scour the record for evidence to support Mr. Gibbs' claim. *See Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 429 n.* (4th Cir. 2009) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *Jones v. Eaton Corp.*, No. 15-CV-4236, 2017 WL 2332638, at *15 n.25 (D.S.C. Feb. 9, 2017) (Mag. J., report and recommendation), *adopted* 2017 WL 1190873 (D.S.C. Mar. 31, 2017). He is required to direct the Court's attention to any such evidence, *see, e.g.*, LR 7.2(a), Doc. 8 at ¶ 1, and he has not done so.

The defendant's evidence that Mr. Gibbs was terminated because of bad job performance is unrebutted. Mr. Gibbs has not produced and identified evidence sufficient to create a genuine issue of material fact that his termination was based on race. Summary judgment for Miracles is appropriate.

It is **ORDERED** that:

1. Miracles' motion for sanctions, Doc. 41, is **GRANTED**.
2. In the alternative, Miracles' motion for summary judgment, Doc. 44, is **GRANTED**.
3. Mr. Gibbs' claims will be dismissed with prejudice by separate judgment.

This the 22nd day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE

7